# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.R., a Minor, by CORY RANDOLPH and RACINE RANDOLPH, his Parents and Natural Guardians, and CORY RANDOLPH and RACINE RANDOLPH, Individually and as Husband and Wife,<br><br>            **Plaintiffs**<br><br>      v.<br><br>**HOPE FOR KIDS, INC.,**<br>            **Defendant** | : NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, C.R., a minor, by Cory Randolph and Racine Randolph, his parents and natural guardians, and Cory Randolph and Racine Randolph, individually and as husband and wife, by and through counsel, Cohen, Feeley, Altemose & Rambo, P.C., bring this Complaint against Defendant, Hope for Kids, Inc., and in support hereof, avers as follows:

**PARTIES**

1. Plaintiff, Cory Randolph, is an adult individual and citizen of the District of Columbia residing at 1830 Woodmont Place SE, Washington, D.C.

2. Plaintiff, Racine Randolph, is an adult individual and resident of the District of Columbia residing at 1830 Woodmont Place SE, Washington, D.C.

3. Plaintiff, C.R., is a minor child, is a resident of the District of Columbia residing at 1830 Woodmont Place SE, Washington, D.C.

4. At all times relevant hereto, Plaintiffs, Cory Randolph and Racine Randolph, resided together as husband and wife.

5. At all times relevant hereto, Plaintiffs, Cory Randolph and Racine Randolph, were the parents and natural guardians of Plaintiff, C.R., resided with him, and hereby assert all causes of actions set forth herein belonging to Plaintiff, C.R., on his behalf.

6. Defendant, Hope for Kids, Inc. ("HFK" or "Defendant") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a citizen of the State of Pennsylvania where it maintains its corporate offices and regular place of business at 129 Yerger Road, Schwenksville, PA 19473.

7. At all times relevant hereto, Defendant acted individually and by and through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests.

**JURIDICTION AND VENUE**

8. This Court has diversity jurisdiction under Section 1332(a)(1) of Title 28 of the United States Code, 28 U.S.C. Section 1332(a)(1).

9. This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b)(2).

**FACTS**

10. At all times relevant hereto, Defendant operated a summer camp at the above address for children between the ages of 8 years old and 17 years old (the "camp").

11. Prior to June 25, 2025, Defendant agreed to accept Plaintiff, C.R., into the camp and for him to attend the camp as a camper and business invitee during the Summer of 2025.

12. Defendant thereafter accepted Plaintiff, C.R., who was 11 years old, into the camp to attend the camp for approximately one week during the month of June 2025.

13. Plaintiff, C.R., attended the camp during the month of June 2025.

14. At all times when Plaintiff, C.R., attended the camp, Plaintiff, C.R., was in the care, and under the custody, control and supervision of Defendant who acted in loco parentis with and towards Plaintiff, C.R.

15. At all times relevant hereto, Defendant knew, or should have known that Plaintiff, C.R., was an 11 year old child during the Summer of 2025.

16. At all times relevant hereto, Defendant operated a cafeteria at the camp where Defendant supplied food, drink and meals for the children attending the camp.

17. At all times relevant hereto, Defendant owned, operated, controlled, supervised, managed and supplied a hot water boiler/dispenser in the cafeteria (the "hot water dispenser") for the purpose of heating and boiling water for the children at the camp to use to dispense water for hot tea and coffee (a "dangerous and/or defective condition").

18. At all times relevant hereto, the hot water dispenser was designed, intended to and capable of heating water to and past the temperature where it would cause burn injuries to the bodies of children.

19. At all times relevant hereto, Defendant had the ability to, and did select and control the temperature of the water in the hot water dispenser.

20. At all times relevant hereto, Defendant selected the temperature of the water in the hot water dispenser and selected a temperature for the water that was hot enough to cause burn injuries to the bodies of the children (a "dangerous and/or defective condition").

21. At all times relevant hereto, Defendant knew, or should have known, that it selected and controlled the temperature of the water in the hot water dispenser and selected

a temperature for the water that was hot enough to cause burn injuries to the bodies of the children.

22. At all times relevant hereto, Defendant knew, or should have known, that children of the ages that attended the camp lacked the understanding and knowledge of the temperature of the water in the hot water dispenser, and that the temperature of that water was hot enough to cause burn injuries if the water contacted the body of any of the children.

23. At all times relevant hereto, it was unsafe for Defendant to supply hot water in the hot water dispenser at the aforesaid temperatures to children in the cafeteria (a "dangerous and/or defective condition").

24. At all times relevant hereto, Defendant intended, expected, and knew or should have known, that the children attending the camp would access the hot water dispenser to dispense hot water for tea and coffee (a "dangerous and/or defective condition").

25. At all times relevant hereto, Defendant selected, supplied, and controlled the containers for the children to use to dispense hot water from the hot water dispenser and to place the hot water, the tea bag or coffee and to possess.

26. At all times relevant hereto, Defendant needed to supply and make available lids for the aforesaid containers to the children at all times that were designed to effectively prevent the spillage of hot water, tea and/or coffee from the aforesaid containers for any reason when possessed by the children at the camp in order to adequately and properly protect the children from suffering burn injuries to their bodies when the children obtained water from the hot water dispenser for tea or coffee.

27. At all times relevant hereto, Defendant knew, or should have known, that it must supply and make available lids for the aforesaid containers to the children at all times that

were designed to effectively prevent the spillage of hot water, tea and/or coffee from the aforesaid containers for any reason when possessed by the children at the camp in order to adequately and properly protect the children from suffering burn injuries to their bodies when the children obtained water from the hot water dispenser for tea or coffee.

28. At all times relevant hereto, Defendant failed to supply and ensure that the aforesaid lids were available for use at all times by the children in the cafeteria in close proximity to the hot water dispenser (a "dangerous and/or defective condition").

29. At all times relevant hereto, Defendant needed to provide adequate staff and adult supervision for all children in the cafeteria to prevent children who were possessing a container with tea or coffee containing hot water from the hot water dispenser from suffering burn injuries to their body by spilling the hot beverage on their own body, or by other children contacting the children possessing the beverage and causing the hot beverage to spill onto their body and cause burn injuries.

30. At all times relevant hereto, Defendant knew, or should have known, it needed to provide adequate staff and adult supervision for all children in the cafeteria to prevent children who were possessing a container with tea or coffee containing hot water from the hot water dispenser from suffering burn injuries to their body by spilling the hot beverage on their own body, or by other children contacting the children possessing the beverage and causing the hot beverage to spill onto their body and cause burn injuries.

31. At all times relevant hereto, Defendant failed to provide the aforesaid adequate staff and adult supervision (a "dangerous and/or defective condition").

32. At all times relevant hereto, Defendant needed to warn the children of the aforesaid burn hazard and to instruct them on the means and methods to protect themselves

from said hazard in order to protect the children from suffering burn injuries to their body when obtaining or possessing containers with water from the hot water dispenser.

33. At all times relevant hereto, Defendant knew, or should have known, that it needed to warn the children of the aforesaid burn hazard and to instruct them on the means and methods to protect themselves from said hazard in order to protect the children from suffering burn injuries to their body when obtaining or possessing containers with water from the hot water dispenser.

34. At all times relevant hereto, Defendant failed to warn the children the aforesaid burn hazard and to instruct them on the means and methods to protect themselves from said hazard in order to protect the children from suffering burn injuries to their body when obtaining or possessing containers with water from the hot water dispenser (a "dangerous and/or defective condition").

35. On or about June 25, 2025, Plaintiff, C.R., intended to consume heated tea in the cafeteria at the camp.

36. On the date and at the time and place as aforesaid, Plaintiff, C.R., with the consent, permission of and knowledge of Defendant, express or implied, obtained a container that was supplied by Defendant and placed a tea bag that was supplied by Defendant into the container.

37. On the date and at the time and place as aforesaid, Plaintiff, C.R., with the consent, permission of and knowledge of Defendant, express or implied, dispensed water from the hot water dispenser that was at a temperature hot enough to cause burn injuries to the body, which was unknown to Plaintiff, C.R.

38. On the date and at the time and place as aforesaid, no lids were supplied by Defendant or available to Plaintiff, C.R. in the cafeteria at or about the location of the hot water dispenser.

39. On the date and at the time and place as aforesaid, Plaintiff, C.R., filled the container with hot water from the hot water dispenser.

40. On the date and at the time and place as aforesaid, Plaintiff, C.R., began walking to a seat in the cafeteria when a very young unsupervised child made contact with Plaintiff, C.R., causing the hot water from the hot water dispenser to spill from the open container and onto his body, causing him to suffer the injuries and damages more fully set forth at length below.

## COUNT I

**Plaintiff, C.R. a Minor, by Cory Randolph and Racine Randolph, his Parents and Natural Guardians**
**v.**
**Hope for Kids Inc.**

41. Plaintiff, C.R, by Cory Randolph and Racine Randolph, his parents and natural guardians, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

42. The aforesaid accident was caused by the negligence and carelessness of Defendant in that said Defendant, *inter alia,* did:

   (a). create the aforesaid dangerous and/or defective conditions at the camp;

   (b). allow the aforesaid dangerous and/or defective conditions to remain at the camp when Defendant knew, or should have known, of their existence;

   (c). fail to eliminate the aforesaid dangerous and/or defective conditions when Defendant knew, or should have known of their existence;

(d). fail to discover the existence of said defective conditions when Defendant would have discovered the existence of said conditions upon reasonable inspection;

(e). fail to maintain the temperature of the hot water in the hot water dispenser low enough that it would not cause burn injuries to children if it came in contact with their bodies;

(f). allow the children to have access to, obtain, transport and consume coffee and tea at the camp that was hot enough to cause bun injuries to children if it came in contact with their skin;

(g). fail to provide proper and adequate adult supervision to children in the cafeteria to prevent the spillage of hot water from the hot water dispenser and contact of that hot water with the skin of a child possessing a container containing the hot water;

(h). fail to issue any warning, verbal, written, actual and/or constructive to the children that the water in the hot water dispenser was hot enough to cause burn injuries to their skin if it came in contact with their bodies;

(i). fail to instruct or train the children at the camp regarding the temperature of the hot water in the hot water dispenser, the burn injury hazard it presented to the children, and the means and methods to prevent said hot water from contacting their own bodies or the bodies of other children;

(j). fail to supply and make lids available to children that effectively prevented spillage of hot water from the hot water dispenser from the container and onto the body of the children;

(k). fail to instruct and train its employees and agents of the aforesaid hazard of the hot water in the hot water dispenser, the burn hazard it prevented, and the aforesaid proper means and methods to prevent children from suffering burn injuries from the hot water;

(l). fail to test the hot water in the hot water dispenser to ensure that was not hot enough to cause burn injuries if it came in contact with the body;

(m). heat the hot water to temperatures that were high enough to cause burn injuries if the water came in contact with the body of the children;

(n). fail to provide proper control, custody, and supervision of Plaintiff, C.R., and other children attending the camp to protect them from the foreseeable harm of the hot water from the hot water dispenser;

      (o). fail to enact, train employees and agents on, evaluate employees and agents compliance with regard to, and enforce policies and procedures including the duties set forth in (a) through (n) above when Defendant knew, or should have known, that said policies or procedures were necessary to protect the safety of the children attending the camp;

      (p). violate Defendant's policies and procedures including the duties set forth in (a) through (o) above when Defendant knew, or should have known, that compliance with said policies or procedures were necessary to protect the safety of the children attending the camp;

      (q). fail to use reasonable care in hiring, employing and/or promoting various employees and agents who had the duty and obligation to fulfill the duties set forth in (a) through (p) above;

      (r). permit the various employees and agents of Defendant who had the responsibility and obligation to fulfill the duties set forth in (a) through (q) above to continue to work as employees and agents when Defendant knew, or should have known, that said employees and agents were unable to and/or incapable of properly performing the requirements of their respective employments;

      (s). undertake, gratuitously or for consideration, to fulfill the duties set forth in (a) through (r) above when such failure increased the risk of harm to Plaintiff, C.R., and/or Plaintiffs reasonably relied upon Defendant's compliance with said duties in violation of the Restatement (Second) of Torts, Section 323, 324 and 324A;

      (t). violate the Restatement (Second) of Torts Section 343, the elements of which are incorporated herein by reference.

43. Solely as a result of the carelessness and negligence of Defendant, Plaintiff, C.R., was caused to suffer injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, both internally and externally, all of which may be permanent, including, but not limited to: burn injuries to his body.

44. As a result of the above injuries, Plaintiff, C.R., has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to his great loss and detriment.

45. As a result of the above accident and injuries sustained thereby, Plaintiff, C.R., has suffered physical pain, mental anguish, anxiety, disfigurement, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to his great loss and detriment.

46. As a result of the above injuries, Plaintiff, C.R., may be unable to attend to his usual educational opportunities and his future duties and occupation and thereby suffered and suffers loss and depreciation of his earnings and earning power; he may continue to suffer the same for an indefinite period of time in the future, all to his great financial loss and detriment.

47. As a result of the above injuries, Plaintiff, C.R., has been unable to engage in his usual and customary social and recreational activities and other life's pleasures may be prevented from engaging in such activities in the future, all to his great loss and detriment.

WHEREFORE, Plaintiff, C.R., a minor, by Cory Randolph and Racine Randolph, his parents and natural guardians, demands judgment against Defendant, Hope for Kids, Inc., in an amount in excess of Once Hundred Fifty Thousand Dollars ($150,000), plus interest, costs of suit, delay damages and other relief as this Honorable Court deems just and proper.

## COUNT II

**Cory Randolph and Racine Randolph, Individually, as Husband and Wife and as the Parents and Natural Guardians of Plaintiff, C.R., a Minor**
**v.**
**Hope for Kids, Inc.**

48. As a sole result of the carelessness and negligence of Defendant as more fully set forth above, Plaintiffs, Cory Randolph and Racine Randolph, individually, as husband and wife and as parents and natural guardians of Plaintiff, C.R., a minor, have been obliged to incur and may continue to incur for an indefinite period of time into the future many costs for

medicine, medical care and attention, and hospitalization in an attempt to treat Plaintiff, C.R., for the injuries caused to him by this accident, all to their great financial loss and detriment.

WHEREFORE, Plaintiffs, Cory Randolph and Racine Randolph, individually, as husband and wife, and as the parents and natural guardians of Plaintiff, C.R., a minor, demand judgment against Defendant, Hope for Kids, Inc., in an amount in excess of Once Hundred Fifty Thousand Dollars ($150,000), plus interest, costs of suit, delay damages and other relief as this Honorable Court deems just and proper.

**COHEN, FEELEY, ALTEMOSE & RAMBO, P.C.**

BY: */s/ Mark K. Altemose*
   Mark K. Altemose, Esquire
   I.D. No.: 58939
   2851 Baglyos Circle
   Bethlehem, PA  18020
   (610) 625-2100
   maltemose@cohenfeeley.com
   *Attorney for Plaintiffs*